UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE B. PHILLIPS, *et al.*, | § | CIVIL ACTION H-10-3632 |
| | § | |
|    *Debtors/Appellants*. | § | |
| v. | § | |
| | § | ADVERSARY CASE NO. 10-03075 |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | § | |
| | § | |
|    *Appellee*. | § | |

**ORDER**

Before the court is Joe B. Phillips' and Dorothy J. Phillips' appeal from the bankruptcy court's order denying their motion to quash and for protective order. After considering the briefs of the parties, the record on appeal, and the applicable law, the bankruptcy court's order is AFFIRMED.

**I. BACKGROUND**

Travelers Casualty and Surety Company of America ("Travelers") issued ten surety bonds on behalf of Joe B. Phillips ("Phillips"), who was appointed guardian of various veterans' estates by probate courts in the State of Texas. Phillips resigned as guardian of those estates after discrepancies were noted in the guardianship accounts. Claims were ultimately filed against Phillips by the new trustees appointed to the estates, and Phillips and his wife filed a voluntary petition in bankruptcy on October 7, 2009.

On February 16, 2010, Travelers filed an adversary proceeding in the bankruptcy court seeking to have the debts arising from the surety bonds declared nondischargeable. On June 24, 2010, while the adversary proceeding was pending, Phillips and his wife were indicted on charges

of conspiracy, misappropriation by a fiduciary, and tax fraud for actions taken during the guardianships. Dkt. 8 at 24. Travelers filed a motion to compel depositions. Dkt. 2-3. Appellants filed a motion to quash and for a protective order wherein they argued that the adversary proceeding should be stayed pending the resolution of the criminal charges pending against them. Dkt. 2-5. On September 24, 2010, after a hearing on the motions, Judge Bohm granted Traveler's motion in part, denied appellants' motion, and directed that appellants immediately sit for their depositions in the courthouse. Dkts. 2-6, 2-7. Appellants' depositions were conducted, and appellants were permitted to, and did, invoke their privilege against self-incrimination during those depositions. Appellants then filed this appeal and assert that the bankruptcy court erred in directing that their depositions proceed, and they also argue that the bankruptcy proceedings should be stayed pending the resolution of the criminal charges pending against them.[1]

## II. ANALYSIS

### 1.   Legal Standard

A district court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity. *See Perry v. Dearing*, 345 F.3d 303, 308-09 (5th Cir. 2003). The burden is on the appellant to show that a finding of fact made by a bankruptcy court is clearly in error. *See Perry*, 345 F.3d at 309; *Butler Aviation Int'l, Inc. v. Whyte*, 6 F.3d 1119, 1127–28 (5th Cir. 1993); *see also* FED. R. BANKR. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). A finding of fact is

---

[1] On January 18, 2011, appellants and Travelers entered into an agreed judgment in the bankruptcy proceeding providing that the surety bond debts at issue are non-dischargeable. A hearing on damages is set for November, 2011. Dkt. 10 ¶ 23.

2

clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a "definite and firm conviction" that the bankruptcy court has made an error. *See Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). A bankruptcy court's conclusions of law are reviewed *de novo*. *See Perry*, 345 F.3d at 309; *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 928 (5th Cir. 1999).

Here, however, appellants challenge the bankruptcy court's denial of a motion to quash, and specifically the denial of the motion to stay proceedings.

**2.     Analysis**

The court first addresses appellants' arguments with respect to the bankruptcy court's decision to deny the motion for protective order and, in effect, force them to invoke the Fifth Amendment privilege against self-incrimination during their depositions. Appellants argue that they were faced with the "Hobson's choice" of either invoking their right to remain silent to avoid self-incrimination, or suffering the effects of having an adverse inference drawn against them in the bankruptcy court. The Fifth Amendment, however, protects an individual from self-incrimination in the context of a criminal proceeding–no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND. V. There is no error, however, in drawing an adverse inference against a civil litigant for invoking the right to remain silent, because the prohibition simply does not apply. Indeed, a "bankruptcy court [is] entitled to draw an adverse inference from [a debtor's] assertion of his Fifth Amendment rights and refusal to testify . . . ." *In re Powers*, 261 Fed. App'x 719, 723 (5th Cir. 2008). Here, the bankruptcy court's actions were entirely consistent with the Constitution because appellants were not compelled to actually testify and, accordingly,

there is no danger that their testimony will be used against them in a criminal proceeding. The bankruptcy court's order in this respect is, therefore, AFFIRMED.

Appellants also argue that a stay of their bankruptcy proceedings was appropriate in this case, and that the bankruptcy court abused its discretion in denying a stay. The issue of a stay pending the outcome of parallel criminal proceedings was addressed persuasively in *In re Piperi*:

> 5. Although there is no constitutional mandate for a stay of civil proceedings pending the outcome of criminal proceedings, a court may, in its discretion, decide to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the interests of justice, either at the request of the prosecution or at the request of the defendant. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1372 (D.C.Cir. en banc); cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).
>
> 6. A complete stay of a pending civil action until the outcome of related criminal proceedings is an extraordinary remedy. *Weil v. Markowitz*, 829 F.2d 166, 174 (D.C.Cir. 1987).
>
> 7. The Debtor voluntarily sought the protection of the bankruptcy court. The Bankruptcy Code gives debtors access to relief not obtainable outside bankruptcy: a discharge of debts. The adversary proceedings brought under § 523 and § 727 of the Bankruptcy Code seek to deny the debtor's discharge or except debts from discharge. **The debtor cannot use the bankruptcy court to broaden the benefits afforded to an accused by the Fifth Amendment. To do so would allow the debtor to use the Fifth Amendment as a shield, while impermissibly using the Bankruptcy Code as a sword with which to take unfair advantage of creditors.** *See, e.g., In re Oot*, 112 B.R. 497, 501 (Bankr. N.D. N.Y. 1989).

137 B.R. 644, 646-647 (Bkrtcy. S.D. Tex. 1991) (Clark, J.) (emphasis added).

Here, there is no compelling argument for granting the extraordinary remedy of staying the bankruptcy proceedings. Appellants retain their right to avoid incriminating themselves during the pending, parallel criminal proceedings, and nothing the bankruptcy court has done will interfere with their ability to exercise their privilege against self-incrimination. Appellants filed the bankruptcy proceeding seeking affirmative relief in the nature of a discharge of their debts. The bankruptcy court is not compelled to bide its time simply because the same underlying transaction led first to

appellants seeking bankruptcy protection, and, second, to an indictment by a grand jury. The bankruptcy court did not abuse its discretion in denying the motion to stay proceedings.

## CONCLUSION

The bankruptcy court correctly ruled that Mr. and Mrs. Phillips may not avoid discovery in their bankruptcy adversary proceeding on the basis that criminal charges are pending against them. Further, the bankruptcy court correctly required plaintiffs to attend their depositions, but permitted them to assert their Fifth Amendment privilege against self-incrimination. Finally, there is no justification for taking the extraordinary step of imposing a stay of the bankruptcy proceedings. Accordingly, the bankruptcy court's order is adopted in full and is AFFIRMED.

It is so ORDERED.

Signed at Houston, Texas on June 15, 2011.

_____
Gray H. Miller
United States District Judge